J-S12017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SIMEON SPENCE, | |
| Appellant | No. 2670 EDA 2015 |

Appeal from the PCRA Order of August 7, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0009338-2009

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                 **FILED MARCH 01, 2016**

Appellant, Simeon Spence, appeals from the order entered on August 7, 2015, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On January 27, 2011, a jury convicted Appellant of corrupt organizations, conspiracy to commit corrupt organizations, two counts of possession with intent to deliver (PWID), criminal conspiracy to violate the Controlled Substance, Drug, Device and Cosmetic Act, criminal attempt to commit PWID, two counts of possession, and three counts of criminal use of communications facility.[1]  Thereafter, on April 19, 2011, the PCRA court

---

[1] 18 Pa.C.S.A. §§ 911(b)(2), 911(b)(4), 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903 & 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 901 & 35 P.S. § 780-113(a)(30), 35 Pa.C.S.A. § 780-113(a)(16), and 18 Pa.C.S.A. § 7512.


*Retired Senior Judge assigned to the Superior Court.

sentenced Appellant to an aggregate term of eight to 19 years' imprisonment. Appellant's sentence included two mandatory minimum terms of incarceration based upon drug quantities.

The pertinent facts and procedural history have been summarized as follows:

> [Appellant's] convictions arose from his involvement in a cocaine trafficking ring in Norristown, Pennsylvania, which was headed by Dontay Brewer, and which stored a large quantity of drugs at Craig Cole's house. [Appellant] was characterized as a street-level drug dealer. [Appellant] appealed his judgment of sentence, which was affirmed on May 24, 2012, and his petition for allowance of appeal was denied on January 10, 2013. ***Commonwealth v. Spence***, 50 A.3d 250 (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 62 A.3d 379 (Pa. 2013).
>
> On April 10, 2013, [Appellant] filed a *pro se* PCRA petition, raising multiple issues relating to the sufficiency of the evidence, trial court error regarding jury instructions, and the denial of effective assistance of counsel. [C]ourt appointed counsel [] subsequently filed a petition to withdraw, [including] therein a no-merit letter under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). . . . The no-merit letter, dated August 16, 2013, detailed why the issues in [Appellant's] *pro se* petition were entirely without merit. The PCRA court granted counsel's motion to withdraw and entered a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing on August 22, 2013.
>
> [Appellant] then filed a *pro se* response on August 28, 2013, alleging that PCRA counsel never contacted him to discuss the claims made in the petition and never provided him with a copy of the "no-merit" letter and motion to withdraw. On September 3, 2013, the PCRA court dismissed [Appellant's] petition[.]

*Commonwealth v. Spence*, 121 A.3d 1138 (Pa. Super. 2015) (unpublished memorandum) at 1-3.

Appellant filed a timely *pro se* appeal from the order denying his first PCRA petition. On March 16, 2014, Appellant filed an "Application to Remand Pursuant to Pa.R.A.P. 123," requesting that we remand the matter based upon an exculpatory sworn statement made by his co-defendant, Dontay Brewer. This Court affirmed the order denying post-conviction relief on April 22, 2015. Because a panel of this Court found that Appellant's PCRA petition was denied properly by the PCRA court, we denied "his request to remand the matter without prejudice to raise this issue in a PCRA petition should he choose." *Spence*, 121 A.3d 1138 (unpublished memorandum) at 14-15, *citing* *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

Appellant filed the counseled PCRA petition at issue on June 19, 2015. Within this petition, Appellant not only raised his claim of the "newly discovered" Brewer affidavit, but also asserted that *Alleyne v. U.S.*, 113 S.Ct. 2151 (2013) adopted a new constitutional right that rendered his mandatory minimum sentences illegal. On June 24, 2015, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Appellant's second petition without a hearing because it was untimely filed and because Appellant failed to prove any exception to the PCRA's time bar. This appeal followed. Both Appellant and the PCRA Court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

I. Did the [PCRA] court violate Appellant's constitutional rights under the Fifth, Sixth and Fourteenth Amendments by dismissing Appellant's new evidence petition as untimely and not conducting a hearing on its' merits?

II. Did the [PCRA] court violate Appellant's constitutional right to due process of law by finding that his claim premised upon a newly recognized right set forth in *Alleyne v. U.S.*, 133 S.Ct 2151 (2013) was not applicable to him because he was on collateral appeal when it was decided?

Appellant's Brief at 4.

Our scope and standard of review is well-settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (internal citations and quotations omitted).

In order to address Appellant's issues, we must first determine whether the PCRA court correctly determined that Appellant's second PCRA petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal

error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[2] *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783

---

[2] The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

(Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Gamboa-Taylor*, 753 A.2d at 783; *see also* 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on April 10, 2013, when the ninety-day time period for filing a *writ* of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13. Therefore, Appellant needed to file the PCRA petition at issue by April 10, 2014, in order for it to be timely. As Appellant filed the instant petition on June 19, 2015, it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999).

As this Court recently has summarized:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of the exception is focused on the newly discovered facts, not a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference

was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered-evidence claim. **See** Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by preponderance of the evidence that conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced). In other words, the "new facts" exception at Subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

**Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015) (internal quotation marks, citations and footnote omitted).

Initially, we note that, because Appellant filed his second PCRA petition within 60 days of this Court's affirming the denial of his first PCRA petition, he has met the requirement set forth in 42 Pa.C.S.A. § 9545(b)(2). **See** **Lark**, **supra**. Thus, we consider whether Mr. Brewer's affidavit satisfies the prerequisites of Section 9545(b)(1)(ii). According to Mr. Brewer's initial affidavit:

[Appellant] never purchased or brought [sic] any illegal and/or controlled substance from me at no point in time.

I am willing and available to testify to the above admission and that me and [Appellant] were only friends who occasionally hung out from time to time after hours.

Affidavit of Admission, 1/28/14, at 1.[3]

The PCRA court found that Mr. Brewer's affidavits did not establish the PCRA's time bar exception found at Section 9545(b)(1)(ii):

Based upon [these affidavits], th[e PCRA c]ourt concluded that Appellant failed to establish that the allegedly [new facts] constituted [information] that was not available previously. Brewer maintains that Appellant and he had a relationship of sorts, [] which did not include the buying or selling of illegal drugs. In addition, Brewer admits that they used the jargon "48th Street" that wiretap investigation picked up on, but that it did not mean what the Commonwealth's expert testified to, namely a particular weight of drugs, but rather to an after-hours bar. Because Appellant was present for their communication where 48th Street was used, he presumably was aware at the time of trial that it did not refer to drugs, but rather to an after-hours bar. Also at the time of trial, Appellant would have also known the nature of his relationship with Brewer, *i.e.*, that it allegedly did not involve the buying or selling of drugs. Accordingly, Appellant knew all of the facts that he now alleges [establish jurisdiction under 42 Pa.C.S.A. § 9545(b)(1)(ii)]. The Brewer affidavits are only new in that they represent a

_____

[3] In his supplemental affidavit, Mr. Brewer further explained his relationship with Appellant and stated that the term "48th Street" as viewed in intercepted texts actually referred to the location of an after-hours club. Mr. Brewer also averred that he wrote to Appellant regarding this information on several occasions prior to his 2014 affidavit, but that Appellant never received them. *See* Affidavit, 7/9/15, at 1-3.

> new willing source for previously known facts, which does
> not qualify[.]

PCRA Court Opinion, 10/2/15, at 9. Our review of the record and pertinent case law supports the PCRA court's conclusion that Appellant's "newly-discovered" facts claim fails because, at best, Mr. Brewer is "a newly discovered or newly willing source for previously known facts."[4] **Brown**, 111 A.3d at 176. For these reasons, Appellant's efforts to establish jurisdiction based upon Mr. Brewer's affidavit fail.

Appellant next argues that "he should be found to be entitled to retroactive application of **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013), in that he was on collateral appeal at the time that it was issued and he would otherwise be entitled to relief." Appellant's Brief at 8. We cannot agree.

In **Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014), this Court held that the PCRA court lacked jurisdiction to consider an **Alleyne** argument presented in a second PCRA petition filed five years after the petitioner's judgment of sentence became final, reasoning:

_____

[4] The record developed at Appellant's trial confirms our conclusion that Appellant was previously aware of the information contained in Mr. Brewer's affidavit. When arguing a motion to sever Appellant's case from Mr. Brewer's criminal trial, defense counsel asserted that Appellant was "only a minor player" in the drug trafficking operation and that he believed that by severing the trial, "a jury would be better able to focus on the evidence directly related to Appellant only." **See** Trial Court Opinion, 7/15/11, at 6. Thus, Appellant's claim that he was unaware of his own involvement in the illegal operation lacks merit. As such, Appellant's reliance upon **Commonwealth v. Burton**, 121 A.3d 1063 (Pa. Super. 2014) (_en banc_) as grounds to support his entitlement to an evidentiary hearing is inapposite.

Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

\*\*\*

Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final.

This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. Therefore, Appellant has failed to satisfy the new constitutional right exception to the time-bar.

*Miller*, 102 A.3d at 994-995. (citations omitted).

Like the petitioner in *Miller*, Appellant raised his *Alleyne* claim more than two years after his judgment of sentence became final. Moreover, as stated above in *Miller*, neither our Supreme Court nor the United States Supreme Court has held that the constitutional right recognized in *Alleyne* applies retroactively. *See also Commonwealth v. Riggle*, 119 A.3d 1058,

- 10 -

1067 (Pa. Super. 2015) (holding that, "*Alleyne* is not entitled to retroactive effect in [the] PCRA setting.")  Finally, we conclude that *Lark*, *supra*, has no impact on Appellant's eligibility to benefit from *Alleyne* because *Alleyne* was issued approximately two months **after** Appellant's judgment of sentence became final.  Thus, although *Alleyne* implicates the legality of Appellant's sentence, the PCRA court correctly concluded that it lacked jurisdiction to address this issue.  *See Miller*, *supra*.[5]

In sum, the PCRA court correctly concluded that Appellant failed to establish any exception to the PCRA's time-bar.  The PCRA court therefore properly dismissed Appellant's second PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016

---

[5] Appellant's reliance upon our decision in *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), as well as our unpublished memorandum in *Commonwealth v. Dennis*, 106 A.3d 178 (Pa. Super. 2014), is inapposite because both cases involved direct appeals rather than post-conviction challenges to judgments of sentence that had already become final.